Westlaw.



Daily Labor Report
Full Text
Friday, November 22, **2002**

LABOR DEPARTMENT **OPINION LETTER** FINDING **INSURANCE** CLAIMS ADJUSTERS BONA FIDE
ADMINISTRATIVE EMPLOYEES UNDER FAIR LABOR STANDARDS ACT

U.S. Department of Labor

Employment Standards Administration

Wage and Hour Division

Washington, D.C. 20210

Nov 19 **2002**

George R. Salem

Akin, Gump, Strauss, Hauer & Feld

1333 New Hampshire Ave., N.W.

Washington, D.C. 20036

Dear Mr. Salem:

This is in response to your request for an opinion regarding the exempt
status of certain **insurance** claims adjusters under the Fair Labor Standards
Act (FLSA). Your inquiry focused on whether the adjusters qualify for the
section13(a)(1) exemption for employees employed in a bona fide administrative
capacity.29 U.S.C. 213(a)(1). You asked only whether the adjusters' duties
are consistent with the **administrative exemption,** because they are paid in
accordance with all of the salary requirements of the regulations. We assume,
for purposes of this analysis, that the adjusters in question are compensated
on a salary basis in excess of $250 per week exclusive of board, lodging, or
other facilities.

You stated that the adjusters in question are primarily involved with the
investigation and evaluation of **insurance** claims. As part of this process, they
are responsible for a number of tasks. For example, the adjusters gather the
facts by interviewing the insureds, witnesses, and physicians; they also may
visit the scene of the event, inspect property damage, and take and review
photographs. The adjusters then weigh the factual information and prepare
damage estimates. In doing so, they consider a variety of losses such as time
lost from work, damages to personal property, the nature and extent of bodily
injury, medical bills, and pain and suffering. They also must evaluate whether
there is coverage for the claim under the policy. Therefore, the adjusters must
be knowledgeable in the areas of various state laws pertaining to **insurance** and
theories of liability and tort law.

After determining coverage, liability, and the total value of the claim, the
adjusters establish the level of company reserves for the claim. They then
attempt to negotiate settlements with the insured or with the third-party
claimant. They have full authority to settle claims within their established
authority, and they recommend resolutions to their supervisors for more costly
claims, which are generally approved. If their negotiations are unsuccessful,
the adjusters advise the company on whether to settle the claim or to pursue
litigation. If a claim results in litigation, the adjusters collaborate with

COPR. ©  2005 The Bureau of National Affairs, Inc.

counsel and make recommendations in preparation for litigation. In that situation, claims adjusters may be deposed and may testify at the trial. You stated that the adjusters remain primarily responsible for resolving a claim, even when it is in litigation and the policyholder or the third-party claimant is represented by an attorney.

You ask whether **insurance** claims adjusters with these duties qualify for the exemption for an employee employed in a "bona fide executive, administrative, or professional capacity."29 U.S.C. Section 213(a)(1). The Act gives the Secretary of Labor authority to "define and delimit" those terms in regulations.

The Department's regulations provide that the **administrative exemption** applies to an employee who is compensated on a salary or fee basis at a rate of not less than $250 per week:

(1) whose primary duty consists of the "performance of office or non-manual work directly related to management policies or general business operations of his employer or his employer's customers",

(2) which includes work requiring the exercise of discretion and independent judgment.

29 C.F.R.§ § 541.2(a)(1) and541.2(e)(2).

1. Directly Related to Management Policies or General Business Operations

The interpretive regulations clarify that the phrase "directly related to management policies or general business operations of his employer" describes activities relating to the administrative operations of a business as distinguished from production or, in a retail or service establishment, sales work. In addition to describing the types of activities, the phrase limits the exemption to persons who perform work "of substantial importance to the management or operation of the business of his employer or his employer's customers".29 C.F.R. Section 541.205(a). Our regulations provide that the administrative operations of a business include the work of employees "engaged in 'servicing' a business as, for example, advising the management, planning, negotiating, representing the company, purchasing, promoting sales, and business research and control."29 C.F.R. Section 541.205(b). Significantly, our regulations specifically identify claims agents and adjusters as jobs that ordinarily satisfy the test for exempt administrative work. See29 C.F.R. Section 541.205(c)(5). This regulation is based on the 1940 Stein Report, which followed a series of public hearings relating to the scope of theSection 13(a)(1) exemptions. Thus, Wage and Hour has long recognized that claims adjusters typically perform work that is administrative in nature.

Your description of the claims adjusters' duties indicates that they perform many duties related to servicing the business. They are responsible for planning the processing of a claim from the beginning to the end, whether it is easily and quickly resolved or whether it proceeds to litigation. They represent the company and advise the management throughout the process of gathering the evidence, assessing credibility, reviewing the **insurance** policy, determining whether there is coverage, evaluating liability, making a decision on whether and how much to pay on the claim, establishing a reserve for the case, making a recommendation on claims above their established authority, and collaborating with the company's counsel if the case results in litigation. They also negotiate on behalf of the company with the claimant, whether the claimant is a policyholder or a third-party claimant. Because these duties involve servicing the **insurance** company in the same manner that claims adjusters traditionally have done so, as is reflected in the regulatory reference to claims adjusters, we find that their duties are administrative in nature.

COPR. ©  2005 The Bureau of National Affairs, Inc.

226 DLR E-9, 2002

The next issue is whether the claims adjusters perform work of substantial importance to the management or operation of the business of the employer. You state that the claims adjusters in question possess full and final authority to settle claims within their established settlement authority. That authority ranges from a minimum of $3,000 to more than $50,000. Every adjuster expends at least $1,000,000 in claims funds every year, and an adjuster with even minimal independent authority may commit as much as $8,000,000 a year in company funds. Moreover, the adjusters may recommend settlements in excess of their established authority, the majority of which are approved by their supervisors. Thus, they are not mere conduits for providing factual information to supervisors on claims in excess of their established authority. Rather, once supervisory approval of a particular settlement amount is provided, we understand that they play the same role in resolving such large claims as they do on those within their established authority.

You also noted that a claims adjuster's decision as to fault or liability affects both the policyholder's and the company's legal rights and obligations. The decisions made by claims adjusters affect policyholders, because their eligibility for continued coverage may be affected and their premium level may be affected. If an adjuster erroneously recommends that coverage should be denied, even on a claim of relatively low value, the **insurance** company may be liable for significant extra contractual damages for bad faith denial of the claim.

The regulations interpreting whether work is of substantial importance provide that the exemption is not limited to employees who participate in the formulation of management policies or in the operation of the business as a whole. Rather, it covers employees whose work affects policy or whose responsibility it is to execute or carry it out, including those "whose work affects business operations to a substantial degree, even though their assignments are tasks related to the operation of a particular segment of the business."29 C.F.R. Section 541.205(c). The regulations note that the standard for exempt work is met by many workers "employed as advisory specialists and consultants of various kinds, credit managers, safety directors, claims agents and adjusters, wage-rate analysts, tax experts, account executives of advertising agencies, customers' brokers in stock exchange firms, promotion men, and many others."29 C.F.R. Section 541.205(c)(5) (emphasis added).

While job titles alone are of little assistance in determining the true importance of an employee to the employer,Section 541.201(b), the facts you described support the conclusion that these claims adjusters perform work that is of substantial importance to the company. For example, their determinations regarding whether a particular incident is covered by a policy, and their determinations regarding liability and what the damages are, can result in extremely large financial consequences for the firm. Those steps are essential aspects of every claim processed, and they must be done correctly in order to assure that the **insurance** company pays what it is contractually obligated to pay, whether to a policyholder or a third party claimant. The claims adjuster also is responsible for setting the level of reserves for each claim, which is required for compliance with state law. If an audit reveals that adequate reserves have not been established, the state **insurance** commissioner may sanction the company. These responsibilities clearly are of substantial importance to the management or operation of the **insurance** company. See Palacio v. Progressive **Insurance** Co., **2002** U.S. Dist. LEXIS 17021 (C.D. Cal. **2002**).

2. Exercise of Discretion and Independent Judgment

The final issue is whether an adjuster's primary duty includes work that requires the exercise of discretion and independent judgment. The regulations provide that this involves the "comparison and evaluation of possible courses of conduct," with the authority to "make an independent

COPR. © 2005 The Bureau of National Affairs, Inc.

choice, free from immediate direction or supervision [] with regard to matters of significance."29 C.F.R. Section 541.207(a). Such authority is distinguished from the use of skill in applying standardized or well-established techniques and procedures.Section 541.207(c). Moreover, discretion must exist with regard to matters of consequence.Section 541.207(d). The employee is not, however, required to have final unlimited authority, with a complete absence of review. Rather, the decisions "may consist of recommendations for action rather than the actual taking of action. The fact that an employee's decision may be subject to review and that upon occasion the decisions are revised or reversed after review does not mean that the employee is not exercising discretion and independent judgment within the meaning of the regulations ..."Section 541.207(e)(1).

In prior letters relating to claims adjusters, we have indicated that this component requires a close review of the facts, because it is the criterion that is most likely to cause claims adjusters to fail to qualify for exemption. The facts you presented demonstrate that the employees have complete discretion and independent judgment with regard to all claims within their established authority. They make all relevant decisions regarding coverage and liability, and they negotiate with full authority to attempt to achieve a settlement. Some of the adjusters have quite limited levels of authority, as low as $3,000. However, even those adjusters make recommendations to their supervisors on the appropriate value of much larger claims, which are frequently accepted. Moreover, after the supervisor approves a particular settlement value on a larger claim, the adjusters proceed with the same independence as they do on claims within their authority and determine the most appropriate method for resolving the claim within that approved amount. Even on such large claims, if negotiations fail, the adjusters continue to be responsible for handling the claim, and they work with counsel to represent the company in any litigation that ensues.

We believe that these facts demonstrate that the adjusters exercise a great deal of discretion in deciding how to handle all types of claims. See Palacio, **2002** U.S. Dist. LEXIS 17021. They are not merely pursuing a standardized format for resolving claims, but rather are using their own judgment about what the facts show, who is liable, what a claim is worth, and how to handle the negotiations with either a policyholder or a third-party claimant in order to achieve a successful resolution. Therefore, based upon all of the facts you presented, we conclude that these claims adjusters satisfy the standard for exemption as bona fide administrative employees.

This opinion is based exclusively on the facts and circumstances described in your request and is given on the basis of your representation, explicit or implied, that you have provided a full and fair description of all the facts and circumstances that would be pertinent to our consideration of the question presented. Existence of any other factual or historical background not contained in your request might require a different conclusion than the one expressed herein. You have also represented that this opinion is not sought on behalf of a client or firm which is under investigation by the Wage and Hour Division, or which is in litigation with respect to, or subject to the terms of any agreement or order applying, or requiring compliance with, the provisions of the FLSA.

We trust that this information is responsive to your inquiry.

Sincerely,

/s/Tammy D. McCutchen

Administrator

226 DLR E-9, **2002**

END OF DOCUMENT

COPR. ©  2005 The Bureau of National Affairs, Inc.