DEPARTMENT OF LABOR AND EMPLOYMENT

DIVISION OF ~~WORKERS COMPENSATION~~ Labor Standards
DO

------------------------------X
IN RE:                        :
                              :
HEARING ON MINIMUM WAGE ORDER :
NUMBER 22                     :
------------------------------X

June 3, 1998

APPEARANCES:

MARY BLUE, Director
Division of Labor
1515 Arapahoe
Tower 2 Suite 400
Denver, Colorado 80202

CARLOS RENTERIA, Administrator, Office of Labor Standards

JOHN BAIRD, Assistant Attorney General

DEBORAH HOWARD, Rules Coordinator Leader

CHESTER BURRY, Labor Relations Officer

DOROTHY LOVETT, Compliance Officer, Labor Standards Unit

DICK HERNANDEZ, Compliance Investigator, Labor Standards Unit



Court Exhibit 1
04CV02174-WYD

1          P-R-O-C-E-E-D-I-N-G-S

2          MS. BLUE: Can you all hear me. Before we start I
3  would just like to take care of some housekeeping items. In
4  that hallway behind you if you go past the elevators to the
5  right there is both a women's and men's restroom in case
6  anyone would need to use that.

7          My name is Mary Blue and I am the Director of the
8  Division of Labor.

9          I would like to introduce some of my staff or staff
10 of the Colorado Department of Labor and Employment. I have
11 right here Deborah Howard and Deborah is the Rules Coordinator
12 Leader and she is the one watching the sign in sheet. So, if
13 you would like to testify, you need to make sure you sign in.
14 And Deborah will -- and you can sign in with Deborah.

15         On my left is Carlos Renteria and he is the
16 Administrator of the Labor Standards Unit.

17         I have Chester Burry right here with the head phones
18 on. Chester Burry is our Labor Relations Officer.

19         Dorothy Lovest is a Compliance Officer in the Labor
20 Standards Unit.

21         And in between Dorothy and Chester is Dick
22 Hernandez, who is also a Compliance Investigator with the
23 Labor Standards Unit.

24         And on my right is John Baird, who is the Assistant
25 Attorney General with the State Services Section.

1    Before we start the hearing I would like to thank
2    all of the various groups and individuals who took their time
3    to meet with us regarding the new Proposed Wage Order 22. We
4    met with representatives from the American Medical Response,
5    the Associated General Contractors of Colorado, the Colorado
6    Association of Community Centered Boards, the Colorado
7    Association of Family and Childrens Agencies, the Colorado
8    Automobile Dealers Association, the Colorado AFL CIO, Colorado
9    Bankers Association, the Colorado Nurses Association, the
10   Colorado Restaurant Association, Colorado Ski Country,
11   International Brotherhood of Boilermakers Iron Shipbuilders,
12   Blacksmiths, Forgers and Helpers, the Mountain States
13   Employers Council and Support Services, Incorporated. I would
14   like to especially thank Lorrie Ray from representing Mountain
15   States Employers Council for her assistance in helping us
16   draft the new Wage Order. I have also received written
17   testimony from Gilpin Ambulance, Incorporated and from a
18   Registered Nurse in Longmont, Colorado, which we will be
19   adding to the record.
20   The purpose of the Colorado Minimum Wage Order 22 is
21   to first of all clarify the definition for the retail and
22   service industries, to remove small construction companies
23   from coverage and to provide exemptions for sales employees,
24   parts persons and mechanics employed by automobile, truck or
25   farm implement retail dealers, among others, and to provide

1  business scheduling flexibility without eliminating the
2  existing overtime provisions, and to provide partial overtime
3  exemptions for those employed in the ski and medical
4  transportation industry.
5      The notice of the hearing was published in the
6  Colorado Register and mailed to all interested parties on May
7  10th. Copies of the proposed Rules have been available in the
8  Labor Standards Office located in this building in Suite 375
9  since May 26th.
10     Today we will receive testimony, written data, views
11 or arguments at this hearing.
12     I would ask that you hold your testimony to three
13 minutes if possible. And if you are in agreement with the
14 previous speaker, please state so for the record in lieu of
15 adding duplicative testimony to the record.
16     All written comments must be received by 5:00 p.m.
17 today, June 3rd, to be considered.
18     All oral and written testimony that is received will
19 be considered towards the adoption of the Minimum Wage Order
20 22. And that will be done by this Friday, June 5th.
21     It is anticipated that the new Wage Order would
22 become effective August 1st.
23     I am going to ask -- you see you have two
24 microphones, one on either side of the room. And is this the
25 sign in sheet, Deborah, as to who has signed in to speak?

1    Okay. So, what I will do is I will just call the
2  speakers up in the order that they have signed in if that is
3  okay. Or if you would like to wait and have you put on the end
4  of the list, I would be happy to do that, too.
5    The first person I have is Harry, is it Neeling?
6    MR. NEVLING: Nevling.
7    MS. BLUE: Nevel?
8    MR. NEVLING: No, Nevling.
9    MS. BLUE: Nevling.
10   MR. NEVLING: Thank you.
11   MS. BLUE: Your welcome. From Longmont United
12 Hospitals.
13   MR. NEVLING: Good morning.
14   MS. BLUE: Good morning.
15   MR. NEVLING: How am I today?
16   MS. BLUE: I am fine. How are you?
17   MR. NEVLING: Doing well. In reading through, I guess
18 I just start ---
19   MS. HOWARD: Excuse me, Mr. Nevling, will you
20 identify yourself for the record.
21   MR. NEVLING: Oh, I am sorry. I should do that. I am
22 Harry Nevling. I am Vice President for Human Resources,
23 Longmont United Hospital. I am certified as a Senior
24 Professional in Human Resources. I hold an MBA from the
25 University of Colorado amongst other degrees. I have been in

1   work shifts were included in that work day, then they wouldn't
2   be considered overtime for purposes of the Wage Order. And we
3   believe that the definition that the Division has come up with
4   does accommodate employer's needs under those circumstances.
5   Another approach would be the approach that I believe 45 other
6   states take which is to not define the work day and rather
7   just go with the definition of an FLSA work week and not worry
8   about the 12-hour work shift. We are not advocating that
9   position, but that is another approach that could be used if
10  the Division wanted to look that way. But we do believe that
11  this definition of work shift does address the concern that
12  Mr. Meersman brought up where the employer defines their work
13  day and then you have people working two shifts in a same 24-
14  hour period. We do feel that the language that talks about the
15  12 hours consecutive would not normally affect most retail
16  industry businesses because we normally don't work 12-hour
17  shifts.
18          MS. BLUE: Okay. Thank you.
19          Let's see, the next person I have is J. Dale
20  Schletzhauer, Colorado Bankers Association. Hi, Dale.
21          MR. SCHLETZHAUER: Hi, Mary. Thank you for
22  pronouncing my name correctly.
23          MS. BLUE: Your welcome.
24          MR. SCHLETZHAUER: For the record my name is Dale
25  Schletzhauer of the Colorado Bankers Association. Colorado

1  Bankers Association is the general trade association for banks
2  in Colorado. I appreciate the invitation to this hearing. It
3  was our -- this is our first hearing. And I have -- in our
4  meeting earlier, Mary, had requested that we be put on the
5  list. We did not have the opportunity to attend a hearing on
6  Wage Order Number 21 with which we have questions and concerns
7  and have expressed those to the Department of Labor. I have
8  four comments or four areas and I only wrote two I think on my
9  -- the sign in log.
10  MS. BLUE: All right.
11  MR. SCHLETZHAUER: In a previous meeting with the
12  Department of Labor we had requested that in the retail and
13  the service area in the definition section that the Department
14  of Labor consider including many other service related
15  industries with which banks compete including insurance
16  companies, accounting firms, law firms, brokerage companies
17  and thrifts. I would just ask that those industries be added
18  or specifically mentioned in here or if that isn't possible,
19  then possibly we could remove banks from the industries
20  covered. Although I know that that is a Wage Order Number 21
21  issue.
22  MS. BLUE: Could you give me those again? We have got
23  insurance companies --
24  MR. SCHLETZHAUER: Insurance companies, accounting
25  firms, law firms, brokerage companies and thrifts -- thrifts.

1  I have a comment on the restaurant association's comments with
2  regard to exemption for government agencies, Federal or State,
3  and their subsidiaries. I have not had the opportunity to
4  review the personnel policies to see if they are more or less
5  stringent than those that banks basically have in effect but
6  we do compete. Banks in Colorado and across the country do
7  compete with the Farm Credit System and which is a government
8  agency, an organization of the U.S. government and that is a
9  specific competitor for banks. And in the agricultural
10 communities across Colorado it is a very definite concern on
11 their part. If -- I would be willing, if necessary, to try
12 to obtain a copy of what personnel policies there require to
13 comply with to see if they meet the minimum requirements that
14 you are imposing on banks. But just a comment.
15          MS. BLUE: Okay. And we have access to that.
16          MR. SCHLETZHAUER: We had discussed in an earlier
17 meeting this Spring a question or concern with regard to break
18 periods. And I expressed to you that with -- and after Wage
19 Order 21 obviously with the inclusion of the 12-hour work day
20 being covered and the requirement that rest periods fall
21 within or in the middle of any four hour work period during
22 the work day, that I had requested that there be clarification
23 to the term insofar as practicable. And for the record I
24 would ask again for that clarification. Verbally we were given
25 assurances as we explained the different situations that banks

66

## CERTIFICATE

I hereby certify that the above and foregoing constitutes a transcript in the matter of Minimum Wage Order Number 22 recorded mechanically and transcribed by me to the best of my ability.

Dated at Denver, Colorado, this 16th day of September, 1998.

_____
Cheryl LaSelle
COLUMBINE COMPUTER COMPANY

Keyword Index



*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE. PERSONS INQUIRING SHOULD BE ADVISED TO SEEK LEGAL COUNSEL.*

1.  **Insurance Industry**

    Wage Order 22 does not apply to the insurance industry.

2.  **Residential Camps**

    Adult <u>seasonal</u> staff (not year-round employees) of residential camps in Colorado licensed by the Colorado Department of Human Services pursuant to CRS 26-6-101.4 *et seq.* are exempt from the overtime provisions of Wage Order 22. This overtime exemption only applies to a 16-week season beginning no earlier than May 15th and ending no later than September 15th each year. This exemption is granted subject to the following conditions:

    1.  All allowable credits or other deductions from wages must be identified to the adult seasonal employee in writing.

    2.  Year round employees, full time kitchen staff, or other employees not directly engaged in the supervision of the camp attendees are not exempted from the provisions of Wage Order 22.

    3.  The camps are permitted a credit for the reasonable cost or fair market value for lodging not to exceed $15.00 per day.

    Camps in Colorado that do not meet all of the criteria specified in the exemption as described above are evaluated on a case-by-case basis in accordance with all relevant facts and applicable Colorado Laws and Regulations.

3.  **Veterinary Medicine**

    Veterinary medicine is not included under the <u>health and medical industry</u>. Veterinary medicine is not classified within the health and medical industry for the purposes of Wage Order 22. The intent of the Wage Order is to cover the health and medical industry as it applies to humans.

74

COLORADO DEPARTMENT OF LABOR AND EMPLOYMENT
DIVISION OF LABOR
1515 Arapahoe Street, Tower 2, Suite 375
Denver, Colorado 80202-2117
Toll-free: 1.888.390.7936 Fax: 303.318.8400
Website: http://www.coworkforce.com/lab

Michael McArdle                                   [signature]
                                                  Director of Labor

Keyword Index

Veterinary workers are exempt from Wage Order 22 when classified as <u>agricultural workers</u>. Veterinarians who spend the majority of their time employed on a farm or other agricultural facility are considered agricultural workers and not covered by Wage Order 22.

Veterinary workers are covered by Wage Order 22 when classified under the <u>retail and service category</u>. Veterinarians who provide care for domestic animals or household pets in a clinic or hospital are classified as service workers, and are covered by Wage Order 22.

4. **Western Stock Show Association**

The Western Stock Show, presented and operated by the Western Stock Show Association, is exempt from the overtime requirements of Wage Order 22. This conclusion is based upon the fact that the stock show is predominantly a livestock exhibition conducted for educational purposes. The exemption is limited to the several hundred temporary employees of the Western Stock Show Association hired for the annual livestock exhibition, and does not apply to vendors, concessionaires, or contractors who conduct their operations at the Stock Show.

5. **Airline Industry**

The Division of Labor does not have any authority over wage claims of employees of air carriers. All wage disputes involving airlines are resolved by the National Mediation Board. *See Advisory Bulletin # 32 (I) for more information.*

6. **Respite Care Workers**

Respite care workers who provide companion-type services to individuals (not to the general public or not to a facility open to the general public) are exempt from the Wage Order. See also the companions exemption under Wage Order 22.

7. **Companion Services**

Companions are exempt from all provisions of Wage Order 22 (See WO22 Section 5). Companionship services may be defined in the following manner: services which provide fellowship, care and protection for a person, who due to advanced age or physical or mental conditions cannot care for his or her own needs. Such services may include meal preparation, bed changing, washing of clothes, and other similar services. The companion must perform the service for the aged or infirm person and not generally to other persons.

75

COLORADO DEPARTMENT OF LABOR AND EMPLOYMENT
DIVISION OF LABOR
1515 Arapahoe Street, Tower 2, Suite 375
Denver, Colorado 80202-2117
Toll-free: 1.888.390.7936 Fax: 303.318.8400
Website: http://www.coworkforce.com/lab

Keyword Index

8. **Casual Babysitters**

Casual babysitters are exempt from all provisions of Wage Order 22 (See WO22 Section 5). Babysitting on a casual basis is defined as work performed on an irregular or intermittent basis and not performed by an individual whose full time work is babysitting. Individuals who do day-care on a full time basis must be paid proper minimum wage and overtime premiums.

9. **Bakeries**

A bakery that operates on a retail or wholesale basis and prepares and offers food for sale or consumption on or off its premises is covered by the Wage Order. See Wage Order 22 Section 2, Food and Beverage.

10. **Developmental Disability Community Centered Boards and Service Agencies**

Community Centered Boards and service agencies that are planned, designed, organized, operated, and maintained to provide services to and for individuals with developmental disabilities as defined in CRS 27-10.5-202 are exempt from all provisions of the Wage Order.

11. **Telemarketing Services**

Employees of the telemarketing industry are covered as a service industry under the Wage Order if they or their employer perform these services under contract with the provider of the goods being marketed. For example, a telemarketing firm hired to sell long distance services for a phone company would be covered.

If the telemarketing is performed by direct employees of the seller of the goods, then the work is not covered as a service industry under the Wage Order, unless the seller itself is already covered as a service industry. For example, the telemarketers that are direct employees of the phone company would not be covered. However, telemarketers employed directly by a carpet cleaning firm would be covered, as the carpet cleaning firm is covered as a service industry.

12. **Ski Industry**

Employees of the ski industry performing duties directly related to ski area operations for downhill skiing or snowboarding, and those employees engaged in providing food and beverage services at on-mountain locations are exempt from the 40-hour overtime requirement under Wage Order 22. The 12-hour overtime requirement remains in effect for such workers. The partial ski industry exemption described above does not apply to ski area employees performing duties related to lodging.
(Colorado Minimum Wage Order Number 22, Section 6c)

76

COLORADO DEPARTMENT OF LABOR AND EMPLOYMENT
DIVISION OF LABOR
1515 Arapahoe Street, Tower 2, Suite 375
Denver, Colorado 80202-2117
Toll-free: 1.888.390.7936 Fax: 303.318.8400
Website: http://www.coworkforce.com/lab

Keyword Index

13. **Medical Transportation Industry**

   Employees of the medical transportation industry who are scheduled to work 24 hour shifts are exempt from the 12-hour overtime requirement **provided** they receive overtime wages for hours worked in excess of 40 hours per week.
   (Colorado Minimum Wage Order Number 22 Section 6d)

14. **Commission Sales**

   Sales employees of retail or service industries paid on a commission basis, provided that 50% of their total earnings in a pay period are derived from commission sales, and their regular rate of pay is at least one and one-half times the minimum wage. This exemption is only applicable for employees of retail or service employers who receive in excess of 75% of their annual dollar volume from retail or service sales.
   (Colorado Minimum Wage Order Number 22 Section 6b)

15. **Agricultural Industry**

   The agricultural industry is exempt from all provisions of Wage Order 22.

16. **Construction Industry**

   The construction industry is exempt from all provisions of Wage Order 22.

17. **Manufacturing Industry**

   The manufacturing industry is exempt from all provisions of Wage Order 22.

18. **Non-Profit Organizations**

   Non-profit organizations *are not specifically exempted* from Wage Order 22; exemption status is determined in accordance with the provisions of the Wage Order and Colorado Wage Law.

19. **Religious and Charitable Organizations**

   Religious and charitable organizations *are not specifically exempted* from Wage Order 22; exemption status is determined in accordance with the provisions of the Wage Order and Colorado Wage Law.

COLORADO DEPARTMENT OF LABOR AND EMPLOYMENT
DIVISION OF LABOR
1515 Arapahoe Street, Tower 2, Suite 375
Denver, Colorado 80202-2117
Toll-free: 1.888.390.7936 Fax: 303.318.8400
Website: http://www.coworkforce.com/lab

77

Keyword Index

20. **Inmates in Correctional Institutions**

Inmates in correctional institutions are exempt from all provisions of Wage Order 22. *See Advisory Bulletin # 34 (I) for more information.*

**The Following Are Exempt From All Provisions of Wage Order 22:**

Administrative Employees
Executives or Supervisors
Professionals
Outside Salespersons
Elected Officials and Members of Their Staff
Domestic Employees
Property Managers
Interstate Drivers
Driver Helpers, Loaders, or Mechanics of Motor Carriers
Taxi Cab Drivers
Bona Fide Volunteers
Students Employed by Sororities or Fraternities
Students Employed by College Clubs or Dormitories
Students Employed in a Work Experience Study Program
Employees Working in Laundries of Charitable Institutions
Patient Workers in Institutional Laundries

*See Advisory Bulletin # 9 (I) for more information on exemptions under Colorado Minimum Wage Order Number 22.*

REFERENCES
Colorado Minimum Wage Order Number 22

WEBSITE LINKS
http://www.coworkforce.com/ (Colorado Department of Labor and Employment)

COLORADO DEPARTMENT OF LABOR AND EMPLOYMENT
DIVISION OF LABOR
1515 Arapahoe Street, Tower 2, Suite 375
Denver, Colorado 80202-2117
Toll-free: 1.888.390.7936 Fax: 303.318.8400
Website: http://www.coworkforce.com/lab

78