UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02174-WYD-CBS

ROCKY BALDOZIER;
ERIC STACK;
ROBERT REYNOLDS; and
JOK NICHOLSON, on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

      Defendant.

---

**ORDER**

---

I.    <u>INTRODUCTION</u>

      THIS MATTER is before the Court on several Motions including Plaintiff Rocky Baldozier's, Eric Stack's, Robert Reynolds's, and Jok Nicholson's, Motion for Approval of Hoffman-LaRoche Notice, filed March 2, 2005, Defendant American Family Mutual Insurance Company's Motion to Dismiss Plaintiffs' State Law Claim pursuant to FED. R. CIV. P. 12(b)(6) or to Decline Supplemental Jurisdiction and Deny Certification of State Law Class Claim, filed May 24, 2005, and Defendant's Motion to Certify Question to Colorado Supreme Court, filed June 28, 2005.  A hearing was held on the Motions on July 1, 2005.  For the reasons stated on record in the hearing and in this Order, Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) is **GRANTED**. Defendant's Motion to Certify Question to Colorado Supreme Court is **DENIED**. Plaintiffs' Motion for Approval of Hoffman-LaRoche Notice is **GRANTED**.

II.   BACKGROUND

Plaintiffs bring this class action against American Family Mutual Insurance Company for unpaid overtime compensation and related penalties and damages. According to the Complaint, Plaintiffs are current or former American Family vehicle property damage claim adjusters.  In their first claim for relief, Plaintiffs seek certification of a nationwide collective action pursuant to section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated American Family employees, based on allegations that American Family unlawfully classified them as "exempt" from overtime payments under the FLSA, and failed and refused to pay them overtime.  In their second claim for relief, Plaintiffs Baldozier and Stack seek certification of a state-wide class action pursuant to COLO. R. CIV. P. 26, on behalf of themselves and all similarly-situated American Family employees in the State of Colorado, based on alleged violations of the Colorado Minimum Wage Act, C.R.S. §§ 8-6-101 *et seq.* and Colorado Minimum Wage Order 22.

III.   ANALYSIS OF PENDING MOTIONS

A.   Defendant's Motion to Dismiss

Defendant has moved to dismiss Plaintiffs' second claim for relief pursuant to FED. R. CIV. P. 12(b)(6) asserting that as a matter of law, the Colorado Minimum Wage Act, or specifically Wage Order 22, does not apply to the insurance industry.  For purposes of deciding issues raised on a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6), the court "'must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff.'" *David v. City and County*

-2-

*of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996), *cert. denied*, 522 S.Ct. 858 (1997)

(quoting *Gagan v. Norton*, 35 F.3d 1473, 1474 n. 1 (10th Cir. 1994)).  "A complaint may

be dismissed pursuant to FED. R. CIV. P. 12(b)(6) only 'if the plaintiff can prove no set of

facts to support a claim for relief.'"  *Id.* (quoting *Jojola v. Chavez*, 54 F.3d 488, 490

(10th Cir. 1995)).

According to Defendant, the Colorado Minimum Wage Act itself does not

mandate overtime pay, but permits the Director of the Colorado Division of Labor in the

Department of Labor and Employment to require overtime pay "under conditions and

rules for increased minimum wages which the director, after investigation, determines

and prescribes by order and which shall apply equally to all employers in such industry

or occupation."  C.R.S. § 8-6-111(4).  Pursuant to statutory authority, the Director of the

Colorado Division of Labor promulgated Wage Order 22, which became effective

August 1, 1998.  Section 1 of  Wage Order 22, entitled "Coverage" states as follows:

> This Colorado Minimum Wage Order Number 22 regulates
> wages, hours, working conditions and procedures for certain
> employers and employees for work performed within the
> boundaries of the state of Colorado in the following
> industries: (A) Retail and Service; (B) Commercial Support
> Service; (C) Food and Beverage; (D) Health and Medical.

Defendant contends that Wage Order 22 applies to four specific industries, none of

which are the insurance industry.  In support of its contention, Defendant cites to

opinion letters from the Director of the Colorado Division of Labor, one dated

September 1, 1998, shortly after Wage Order 22 was promulgated, and one dated June

30, 2005, as well as the Division's Advisory Bulletin #30(I), all of which state that Wage

Order 22 does not apply to the insurance industry.

Plaintiffs assert, however, that they are employed in the "Retail and Service" industry, as that term is defined by Wage Order 22. "Retail and Service" is defined in Wage Order 22 as "any business or enterprise that sells or offers for sale, any service, commodity, article, good, real estate, wares or merchandise to the consuming public. . . . It also includes amusement and recreation, public accommodations, banks, credit unions, savings and loans, . . . ." According to Plaintiffs, Defendant sells a service - auto insurance - and "it is plainly covered by Wage Order 22." Plaintiffs also note that the insurance industry is not contained in Wage Order 22's list of exemptions. Finally, Plaintiffs urge the Court not to rely on the opinion letters and Advisory Bulletin "because those agency 'interpretations' contain no analysis, reasoning or evidence of thoughtful consideration."

The parties have not cited any Colorado case law addressing whether Wage Order 22 applies to the insurance industry. The insurance industry is not one of the four industries listed in the "coverage" section of Wage Order 22, nor is it specifically included in the definition of "Retail and Service", which specifically refers to the banking industry. At the July 1, 2005, hearing Defendant tendered a portion of a June 3, 1998, transcript of the Hearing on Minimum Wage Order Number 22. At the 1998 hearing, a representative from the Colorado Bankers Association requested that the definition of "Retail and Service" be amended to include, in addition to banks, "many other service related industries with which banks compete including insurance companies . . .." The fact that Wage Order 22 was promulgated without reference to the insurance industry suggests that the Division rejected this request. I also note that the opinion letter of

June 30, 3005, specifically states that the insurance industry does not meet the definition of a retail and service, and that "[t]his position has been held by the Division since Wage Order 22 became effective in August of 1998, and has remained unchanged to the present."   Finally, the exemptions in Wage Order 22 apply to specific "employees or occupations," not to entire industries.

In light of the plain language of Wage Order 22, as well as the information provided regarding promulgation of the Order, the two opinion letters and the Advisory Bulletin from the Division of Labor, I conclude that the insurance industry is not subject to the overtime requirements contained in Wage Order 22.  Accordingly, Defendant's Motion to Dismiss Plaintiffs' State Law Claim pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED** and Plaintiffs' second claim for relief is hereby dismissed.  In light of my decision to dismiss Plaintiffs' state law class claim, I need not consider Defendant's alternative request that I decline supplemental jurisdiction and deny certification of state law class claim.

Defendant has also moved for certification of the issue regarding Wage Order 22 to the Colorado Supreme Court pursuant to Colorado Appellate Rule 21.1.  While a district court may, in its discretion, certify a question to the Colorado Supreme Court, for the reasons discussed above, I decline to do so in this case.  Accordingly, Defendant's Motion to Certify Question to Colorado Supreme Court is **DENIED**.

   B.   Motion for Approval of Hoffman-LaRoche Notice

Plaintiffs filed a Motion for Approval of Hoffman-LaRoche Notice on March 2, 2005.  In their Motion, Plaintiffs request approval of a "notice stage" collective action

certification and an order that all current and former American Family claims representatives be provided with notice and an opportunity to join this collective action by a deadline to be set by the Court.  In addition, Plaintiffs request that the Court equitably toll their FLSA claims as of October 20, 2004, the date Plaintiffs filed their Complaint.  According to Plaintiffs, equitable tolling is warranted based on American Family's refusal to provide contact information for former employees.  American Family objects to certification based on their assertion that Plaintiffs are not "similarly situated" because they do not perform the same job duties.

Collective actions under the FLSA are expressly authorized by 29 U.S.C. § 216(b) in cases where the complaining employees are "similarly situated."  The Tenth Circuit has approved a two-step approach for determining whether plaintiffs are "similarly situated" for purposes of § 216(b).  First, the court makes an initial "notice stage" determination of whether plaintiffs are "similarly situated," which requires "nothing more that substantial allegations that the putative class members were together the victims of a single decision, policy or plan."  *Theissen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1102-3 (10th Cir. 2001) (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997); *Bayles v. American Med. Response of Colo., Inc.*, 950 F.Supp. 1053, 1058 (D. Colo. 1996)).  The standard for certification at this stage is a lenient one.  *Williams v. Sprint/United Management Co.*, 222 F.R.D. 483, 485 (D. Kan. 2004).  At the conclusion of discovery, the Court makes a second determination of whether the plaintiffs are "similarly situated" under a stricter standard, which includes analysis of the "disparate factual and employment settings of the

individual plaintiffs." *Theissen*, 267 F.3d at 1103 (10th Cir. 2001); *Vaszlavik*, 175 F.R.D. at 678.

In their Complaint, Plaintiffs allege that the potential collective action members are all vehicle physical damages claims representatives and are similarly situated because they all have been denied overtime pay based on American Family's policy to treat all of its claims representatives as categorically "exempt" from the FLSA's overtime requirements. In addition to the allegations in their Complaint, each named Plaintiff submitted a Declaration asserting that all vehicle physical damage claims representatives, regardless of where they work and whatever their specific job title may be, have the same job function including investigating, documenting, estimating and paying large volumes of relatively small motor vehicle claims pursuant to American Family's rules, policies and procedures. Based on the substantial allegations in Plaintiffs' Complaint, as well as the various Declarations filed by Plaintiffs, I find that initial certification of this action is appropriate for purposes of sending notice to potential class members. In addition, I find that Plaintiffs' FLSA claims should be equitably tolled as of the date Plaintiffs' filed their Complaint on October 20, 2004. Accordingly, Plaintiffs' Motion for Approval of Hoffman-LaRoche notice is **GRANTED**.

IV.    CONCLUSION

In conclusion, for the reasons stated above, it is

ORDERED that Defendant's Motion to Dismiss Plaintiff's State Law Claim pursuant to FED. R. CIV. P. 12(b)(6) is **GRANTED**, it is

FURTHER ORDERED that Defendant's Motion to Certify Question to Colorado

Supreme Court is **DENIED**, it is

FURTHER ORDERED that Plaintiffs' Motion for Approval of Hoffman-LaRoche Notice is **GRANTED**, and Plaintiffs' FLSA claims are equitably tolled as of October 20, 2004, it is

FURTHER ORDERED that the parties shall meet and confer and submit a proposed form of Order and proposed form of Notice no later than **July 20, 2005**, which shall be subject to modification and approval by the Court, it is

FURTHER ORDERED that Plaintiffs' Response to Defendant's Motion for Summary Judgment shall be filed no later than **October 3, 2005**.  Defendant's Reply in Support of its Motion for Summary Judgment shall be filed no later than **October 23, 2005**.

Dated: July 8, 2005

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge