UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02174-WYD-CBS

ROCKY BALDOZIER;
ERIC STACK;
ROBERT REYNOLDS; and
JOK NICHOLSON, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

## ORDER

THIS MATTER is before the Court on Defendant American Family Mutual Insurance Company's Motion for Certification of Interlocutory Appeal and a Stay of the Sending of Notice Pending Appeal, filed July 22, 2005. The Court has reviewed Defendant's Motion and the authorities cited therein. For the reasons stated in this Order, Defendant's Motion for Certification of Interlocutory Appeal and a Stay of the Sending of Notice Pending Appeal is **DENIED**. This Order supersedes the Minute Order issued July 25, 2005, that ordered the filing of a response and reply.

This case involves a class action against American Family Mutual Insurance Company for unpaid overtime compensation and related penalties and damages. Plaintiffs allege that they are current or former American Family vehicle property damage claim adjusters, and seek certification of a nationwide collective action pursuant to section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b),

on behalf of themselves and all similarly situated American Family employees. In addition, Plaintiffs Baldozier and Stack seek certification of a state-wide class action pursuant to COLO. R. CIV. P. 26, on behalf of themselves and all similarly-situated American Family employees in the State of Colorado, based on alleged violations of the Colorado Minimum Wage Act, C.R.S. §§ 8-6-101 *et seq.* and Colorado Minimum Wage Order 22.

Following a hearing on July 1, 2005, this Court granted Defendant's Motion to Dismiss Plaintiffs' request for certification of a state-wide class action based on violations of the Colorado Minimum Wage Act, but granted Plaintiffs' Motion for Approval of "notice stage" certification of their collective action under the FLSA. The Court further granted Plaintiffs' request that the Court equitably toll their FLSA claims as of October 20, 2004, the date Plaintiffs filed their Complaint. The Court issued a written Order on July 8, 2005, which reflected the rulings made during the July 1, 2005, hearing and ordered the parties to prepare and submit a form of Notice and form of Order.

On July 22, 2005, Defendant filed a Motion for Certification of Interlocutory Appeal and a Stay of Sending of Notice Pending Appeal. In the Motion, Defendant seeks certification of an interlocutory appeal of this Court's July 8, 2005, Order pursuant to 28 U.S.C. § 1292(b). Specifically, Defendant seeks certification of questions involving the Court's decision to allow "notice stage" certification of Plaintiffs' FLSA collective action and its decision to permit equitable tolling.

The relevant statute, 28 U.S.C. §1292(b), provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the

>     opinion that such order involves a controlling question of law
>     as to which there is substantial ground for difference of
>     opinion and that an immediate appeal from the order may
>     materially advance the ultimate termination of the litigation,
>     he shall so state in writing in such order.  The Court of
>     Appeals which would have jurisdiction of an appeal of such
>     action may thereupon, in its discretion, permit an appeal to
>     be taken from such order, if application is made to it within
>     ten days after the entry of the order: *Provided, however,*
>     That application for an appeal hereunder shall not stay
>     proceedings in the district court unless the district judge or
>     the Court of Appeals or a judge thereof shall so order.

The statute imposes four criteria to be met before an issue may certified for appeal: (1) the action must be a "civil action," (2) the court must conclude that the order from which the appeal is to be taken involves a "controlling question of law," (3) upon which there exists "substantial ground for difference of opinion," and (4) the court must believe that "immediate appeal from the order may materially advance the ultimate termination of the litigation." *In re Grand Jury Proceedings June 1991*, 767 F.Supp. 222, 223 (D. Colo. 1991).  A question of law is "controlling" if it has the potential for substantially accelerating disposition of the litigation.  In other words, "[i]f the correct answer to the question will end the matter pending, the question is controlling." *In re Grand Jury Proceedings June 1991*, 767 F.Supp. at 225.  As to the third requirement, the question presented for certification must be difficult, novel, and involve "a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions." *Id.* at 226.  Here, I find that Defendant has failed to demonstrate that the issues it seeks to have this Court certify involve controlling questions of law upon which there is a substantial ground for a difference of opinion, or that immediate appeal from the order may materially advance the ultimate termination of the litigation.

Defendant complains that this Court did not fully consider it's proffered deposition testimony in concluding that Plaintiffs were "similarly situated," and requests certification of "whether a district court must review all available evidence to make a determination of similarly situated or may limit its analysis to the plaintiffs' complaint and their declarations." In my July 8, 2005, Order I analyzed Plaintiffs' request for "notice stage" certification of their FLSA collective action under the two-step *ad hoc* approach approved by the Tenth Circuit in *Theissen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1102-3 (10th Cir. 2001). I found that Plaintiffs met their initial burden of showing they are similarly situated for purposes of "notice stage" certification. *See also Reab v. Electronic Arts, Inc.*, 214 F.R.D. 623, 626-28 (D. Colo. 2002). While the parties had engaged in some discovery prior to the July 1, 2005, hearing, discovery in this case is not complete and, to date, no potential opt-in plaintiffs have joined this lawsuit. Therefore, I find no basis for Defendant's contention that there is substantial ground for difference of opinion with respect to the propriety of applying the two-step *ad hoc* approach in determining whether Plaintiffs are "similarly situated" at this stage of the litigation. Defendant cites no authority in support if its contention that there is a "current split among the district courts in this circuit," with respect to this issue. In addition, it is not clear that this question involves a "controlling question of law," nor is it clear that resolution of this issue will materially advance the ultimate termination of the litigation. As previously discussed in the July 8, 2005, Order, at the conclusion of discovery, I will make a second determination of whether the plaintiffs are "similarly situated" under a stricter standard, which includes analysis of the "disparate factual and employment

settings of the individual plaintiffs."  *Theissen*, 267 F.3d at 1103 (10th Cir. 2001).

I also reject Defendant's request for certification of whether Plaintiffs' FLSA claims should be equitably tolled.  Again, this issue does not involve a "controlling question of law."  A decision that this matter should not be equitably tolled does not have the "potential for substantially accelerating disposition of the litigation."  Moreover, I do not find that the Court's ruling on this issue provides substantial ground for difference of opinion.

In conclusion, for the reasons stated above, it is

ORDERED that Defendant American Family Mutual Insurance Company's Motion for Certification of Interlocutory Appeal and a Stay of the Sending of Notice Pending Appeal is **DENIED**.

Dated: July 27, 2005

                                          BY THE COURT:

                                          s/ Wiley Y. Daniel
                                          Wiley Y. Daniel
                                          U. S. District Judge