UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:04-CV-2174-WYD-CBS

ROCKY BALDOZIER, ERIC STACK
ROBERT REYNOLDS and
JOK NICHOLSON, on behalf of
themselves and all others similarly situated,

        Plaintiffs,

v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,

        Defendant.

## DEFENDANT AMERICAN FAMILY'S MOTION TO STAY PROCEEDINGS UNDER FIRST-TO-FILE RULE OR, ALTERNATIVELY, TO TRANSFER THE CASE UNDER 28 U.S.C. § 1404(a)

Defendant American Family Mutual Insurance Company ("American Family") hereby moves to stay the proceedings in this case under the first-to-file rule (*except for allowing potential opt-ins to continue opting in during the remaining duration of the opt-in period*) or, alternatively, to transfer this case to the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1404(a).

*Local Rule 7.1A Certification:* Pursuant to Local Rule 7.1A, American Family's counsel conferred with plaintiffs' counsel, who have opposed the relief American Family seeks.

115543

1

## INTRODUCTION

On September 12, 2005, the Baldozier plaintiffs filed a motion to intervene permissively in an FLSA collective action that is currently pending in the Northern District of Illinois, Schultz v. American Family Mut. Ins. Co., No. 04-C-5512 (N.D. Ill. 2004). (The motion to intervene is attached to the Affidavit of Earl Munson, Exh. 1 hereto.) The Baldozier plaintiffs sought to intervene in the Schultz lawsuit to delay notice in that action.

On September 20, 2005, the Illinois district court granted in part and denied in part the motion to intervene, allowing the Baldozier plaintiffs to intervene to object to notice (when and if notice is sent) and denying their request to stay notice. At the motion to intervene hearing, the Illinois district court expressed concern that the notice in the Baldozier lawsuit failed to inform potential opt-ins of the Schultz lawsuit that is pending in Illinois. The Illinois court was not aware (and neither was American Family's local counsel in the Illinois action) that American Family had requested that notice inform potential opt-ins of this fact and that the Baldozier plaintiffs objected to such disclosure. As a result, American Family has requested that the Illinois district court reconsider the motion to intervene because the Baldozier plaintiffs cannot meet the criteria for permissive intervention. In addition, American Family has requested that the Illinois district court assert jurisdiction over the Baldozier lawsuit under the first-to-file rule and consolidate these duplicative FLSA actions in that district. (See Defendant American Family's Brief in Support of its Motion to Reconsider Granting the Baldozier Motion to Intervene and Its Motion to Assert Jurisdiction Under the First-to-File Rule, Exh. 2 hereto, filed this date in the Schultz action). The Schultz lawsuit was filed on August 20, 2004, two months before the Baldozier lawsuit (which was filed on October 20, 2004).

115543

2

Given the first-to-file motion pending before the Illinois district court, American Family respectfully requests that this Court stay the <u>Baldozier</u> proceedings (although American Family does not object to allowing potential opt-ins to continue opting in during the duration of the opt-in period) until the Illinois district court determines whether it will assert jurisdiction over the <u>Baldozier</u> lawsuit pursuant to the first-to-file rule. Alternatively, American Family requests that this Court transfer this action pursuant to 28 U.S.C. § 1404(a) to the Northern District of Illinois for the convenience of the parties and witnesses and in the interests of justice. Indeed, in their motion to intervene in the <u>Schultz</u> lawsuit, the Baldozier plaintiffs acknowledge openly that "[h]aving multiple simultaneous actions is at odds with the purposes of FLSA collective actions as two simultaneous overlapping collective actions would result in inefficiencies and could easily result in inconsistent rulings." Baldozier Mot. to Intervene at 8.

## ARGUMENT

### A. <u>This Court Should Stay the Baldozier Proceedings under the First-to-File Rule</u>

The first-to-file rule is a well-established doctrine of federal comity that was first recognized in <u>Smith v. McIver</u>, 22 U.S. (9 Wheat.) 532, 534 (1824). In <u>Smith</u>, the Supreme Court held that "[i]n all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it." <u>Id.</u> The Court of Appeals for the Tenth Circuit has endorsed this doctrine, holding that "the first federal district court which obtains jurisdiction of parties and issues should have priority and the second court should decline consideration of the action until the proceedings before the first court are terminated." O'Hare Int'l Bank v. Lambert, 459 F.2d 328, 331 (10th Cir. 1972); <u>see also</u> Cessna Aircraft Co. v. Brown, 348 F.2d 689, 692 (10th Cir.

1965) ("The simultaneous prosecution in two different courts of cases relating to the same parties and issues leads to the wastefulness of time, energy and money."). In fact, the Tenth Circuit has held that, in light of the rule of federal comity, which it defines as "a self-imposed restraint on authority actually possessed," the district court in O'Hare International had abused its discretion by failing to stay the proceedings in the second-filed suit. O'Hare Int'l, 459 F.2d at 331.

Moreover, the Court of Appeals for the Seventh Circuit, which is the appellate court over the Schultz lawsuit, is in accord with the Tenth Circuit on this issue. See Asset Allocation & Mgmt. v. W. Employers Ins., 892 F.2d 566 (7th Cir. 1989) ("the first case should be allowed to proceed and the second should be abated; and certainly [the district judge] was right not to countenance the simultaneous litigation of identical claims in two federal courts"); Tempco Elec. Heater Corp. v. Omega Engineering, Inc., 819 F.2d 746, 748 (7th Cir. 1987) (first-filed suits are given priority). Courts in the Northern District of Illinois also "adhere to the 'inherently fair' concept that the party who commenced the first suit generally should be afforded its choice of venue." Sparktrode LLC v. HMT High Medical Tech., No. 04-C-8018, 2005 U.S. Dist. LEXIS 14175 (N.D. Ill. July 13, 2005) ("first-filed rule applies even when the defendant in a second-filed case is not a defendant in the first-filed case if its interests are 'clearly aligned' with the defendant's interests in the first-filed case"). The Baldozier plaintiffs literally have conceded the "clearly aligned" question by their motion to intervene in the Schultz lawsuit.

In addition, it is well established that first-to-file disputes are resolved by the court in which the first action was filed, which in this case would be the Illinois district court. Asset Allocation, 892 F.2d at 573 (presumption is that first-filed case should go forward and second case should be abated); Save Power Ltd. v. Syntek Finance Corp., 121 F.3d 947, 950 (5th Cir.

1997) ("The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed."); PAJ, Inc. v. Yurman Design, Inc., No. 3:98-CV-2847-P, 1999 U.S. Dist. LEXIS 1424, *5 (N.D. Tex. Feb. 9, 1999) (first filing court had "responsibility to determine which case should proceed"); Ed Tobergte Assoc., Inc. v. Zide Sport Shop of Ohio, Inc., 83 F. Supp. 2d 1197, 1198 (D. Kan. 1999) ("first-to-file rule provides that the court where jurisdiction first attaches should make the determination of the appropriate venue to decide the case, and the second court will decline to act until proceedings in the first court terminate"); Pritchard v. Dent Wizard Int'l Corp., 275 F. Supp. 2d 903, 910 (S.D. Ohio 2003) (court that has possession first must decide the first-to-file dispute). Therefore, under the first-to-file rule, the District Court for the Northern District of Illinois must decide whether it should assert its first-to-file jurisdiction over the Baldozier lawsuit, which is a duplicative FLSA collective action.

The first-to-file rule has been applied to FLSA collective actions even though the named plaintiffs were different and even though one suit asserted state law claims that the other suit did not. Walker v. Progressive Casualty Insurance Co., No. C03-656R, 2003 U.S. Dist. LEXIS 7871 (W.D. Wash. May 9, 2003) (first-to-file FLSA collective action allowed to proceed even though parties and issues were not identical given that the legal issue in both cases were whether the company's adjusters were exempt from overtime; court dismissed the Walker lawsuit in favor of the Camp lawsuit under the first-to-file rule); see also Camp v. Progressive Corp., No 01-2680, 2004 U.S. Dist. LEXIS 19172 (E.D. La. Sept. 23, 2004) (noting that several district courts had transferred duplicative FLSA actions to that court, which were consolidated with the Camp litigation); England v. New Century Financial Corp., No. 03-360-B-M1, 2005 U.S. Dist. LEXIS

115543

5

8403 (M.D. La. Apr. 26, 2005) (district court in Minnesota transferred FLSA case under the first-to-file rule, which was then consolidated with the FLSA action pending in district court in Louisiana); Fuller v. Abercrombie & Fitch Stores, Inc., 370 F. Supp. 2d 686 (E.D. Tenn. May 31, 2005) (applying first-to-file rule in FLSA collective action even though named plaintiffs different). Accordingly, ample precedent exists for the Illinois district court to assert jurisdiction over the FLSA action in this Court under the first-to-file rule, even though the named plaintiffs are not identical and even though the plaintiff in the Illinois action asserts a state law wage overtime claim.

The named plaintiffs in the Baldozier lawsuit are Physical Damage Claims Analysts and the named plaintiff in the Schultz lawsuit is a Physical Damage Claims Examiner. Both lawsuits allege an FLSA collective action on behalf of those similarly situated. In both the Baldozier and Schultz lawsuits, American Family argued that Examiners and Analysts were not similarly situated. Munson Aff., & 5. Indeed, the Baldozier and Schultz actions were not duplicative until this Court decided the similarly situated issue in conjunction with notice and authorized notice to be sent to Physical Damage Claims Representatives, Analysts and Examiners. American Family sought relief from the Tenth Circuit from that order, which was denied on August 15, 2005. No substantive motions or rulings have occurred in either the Baldozier or Schultz lawsuit (other than the Baldozier plaintiffs' motion to intervene in Illinois), and summary judgment motions are pending in each case.

In sum, American Family respectfully requests that the Court follow the procedure endorsed by the Tenth Circuit and grant its motion to stay the Baldozier litigation under the first-

to-file rule and in the interests of federal comity until the Illinois district court decides whether to assert jurisdiction.

## B. Alternatively, This Court Should Transfer This Case under 28 U.S.C. § 1404(a)

In the alternative to staying the proceedings under the first-to-file rule, American Family requests that this Court transfer this action to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). In analyzing a § 1404(a) motion, this Court must determine whether the Illinois district court is a more convenient forum for this action than the Colorado district court. Chubb v. Union Pac. R.R. Co., 908 F. Supp. 853 (D. Colo. 1995). Section 1404(a) provides that, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The legislature enacted § 1404(a) "as a federal housekeeping measure, allowing easy change of venue within a unified federal system." Chrysler Credit Corp. v. Country Chrysler, 928 F.2d 1509, 1515 (10th Cir. 1991); Van Dusen v. Barrack, 376 U.S. 612, 636-37 (1964). Section 1404(a) acts "simply to authorize a change of courtrooms." Van Dusen, 376 U.S. at 637.

In analyzing a motion to transfer, a court first determines whether venue is proper in both this jurisdiction and the transferee district. Chubb, 908 F. Supp. at 854. Venue is proper in the Colorado district court pursuant to 28 U.S.C. § 1391(b) because Colorado is a judicial district in which American Family resides. A corporation resides in any district in which it transacts business and American Family has offices in Colorado. Graf v. Tastemaker, 907 F. Supp. 1473, 1474 (D. Colo. 1995). Venue is also proper in the Illinois district court for the same reason. When venue is proper in either district, "1404(a) vests the Court with the discretion to transfer

115543                                   7

cases to other districts to prevent unnecessary inconvenience and expense." Chubb, 908 F. Supp. at 855. The moving party has the burden to prove that the action should be transferred. Id. Section 1404(a) permits an action to be transferred at any time during the pendency of the case, even after judgment has been entered. Chrysler Credit, 928 F.2d at 1516.

A court located in the Tenth Circuit considers the following factors in determining whether to transfer under § 1404(a): (1) plaintiff's choice of forum; (2) accessibility of witnesses and other sources of proof, including the availability of compulsory process; (3) costs of making the necessary proof; (4) questions as to the enforceability of the judgment; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) any potential conflict of laws questions; (8) advantages of having a local court determine questions of local law; and (9) any other practical considerations. Chubb, 908 F. Supp. at 855; Chrysler Credit, 928 F.2d at 1516. These nine factors weigh heavily in favor of transferring this action to the District Court for the Northern District of Illinois.

1. **Plaintiff's choice of forum.**

Plaintiff's choice of forum is typically given considerable weight. Texas Eastern Transmission Corp. v. Marine Office-Appleton & Cox Corp., 579 F.2d 561, 567 (10th Cir. 1978). However, when a plaintiff alleges a nationwide class and potential plaintiffs are scattered across the country, plaintiff's choice of forum is weakened substantially. See, e.g., Koster v. Lumbermen's Mut. Co., 330 U.S. 518, 524 (1947) ("where there are hundreds of potential plaintiffs, all equally entitled voluntarily to invest themselves with the corporation's cause of action and all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is

considerably weakened"); Nelson v. Aim Advisors, Inc., No. 01-CV-0282-MJR, 2002 U.S. Dist. LEXIS 5101, *16 (S.D. Ill. Mar. 8, 2002) ("where a plaintiff alleges a nationwide class action, 'plaintiff's home forum is irrelevant'") (citation omitted); Supco Automotive Parts v. Triangle Auto Spring Co., 538 F. Supp. 1187, 1192 (E.D. Pa. 1982) ("where, as here, the plaintiff seeks to represent a class of many potential plaintiffs scattered across the country, plaintiff's choice of forum deserves less weight"); Impervious Paint Indus. Ltd. v. Ashland Oil, Inc., 444 F. Supp. 465, 467 (E.D. Pa. 1978) (same). Courts have found that when an equal number of class members appear to be located in both the transferor and the transferee districts and a central location would help potential class members, transfer is appropriate. Impervious Paint, 444 F. Supp. at 467-68.

An examination of the location of the opt-in plaintiffs to date demonstrates that the Illinois district court is a more central location than the Colorado district court. To date, of the 82 opt-in plaintiffs, 55 are located in Illinois and the Midwestern states of Minnesota, Wisconsin, Indiana, Ohio, Missouri and Iowa. Only six have residences in Colorado and another six reside in states surrounding Colorado. The fact that two-thirds of the potential opt-in plaintiffs live in the Midwest weighs heavily in favor of transferring this action to Illinois.

Moreover, a plaintiff's choice of forum is given much less weight if the forum is not his residence. Ervin & Assoc., Inc. v. Cisneros, 939 F. Supp. 793, 799 (D. Colo. 1996); Bailey v. Union Pac. R.R. Co., 364 F. Supp. 2d 1227, 1230 (D. Colo. 2005). In this case, two of the four named plaintiffs are not residents of Colorado; in fact, they are residents of states that border Illinois. Given these facts, the named plaintiff's choice of Colorado as a forum is entitled to no deference.

### 2.     Accessibility of witnesses, including compulsory process.

In this action, the main witnesses will be the parties themselves and thus, compulsory process is a neutral factor. However, because most of the opt-in plaintiffs are from the Midwest, their accessibility to Illinois is greater than to Colorado. American Family anticipates calling many of the opt-in plaintiffs to testify at trial regarding their job duties, and will likely need to depose many of the opt-in plaintiffs to show that they are not similarly situated and to show that they are exempt from overtime. Munson Aff., & 7. Because two-thirds of the opt-in plaintiffs to date live in the Midwest, the convenience and cost-savings of these witnesses/parties weighs in favor of proceedings in Illinois rather than Colorado. Munson Aff., & 6. In addition to the opt-in plaintiffs, American Family anticipates calling several corporate personnel who reside in Wisconsin, a state much closer to Illinois than Colorado. See Munson Aff., & 7. American Family also anticipates calling the named plaintiffs' supervisors as witnesses, who reside in Missouri and Iowa, states that border Illinois.

Finally, lead counsel for plaintiffs are from California (not Colorado) and, thus, must travel well outside their home forum to litigate this case in Colorado. Because the Baldozier plaintiffs have moved to intervene in the Illinois action and their motion has been granted, they are now parties in that action and have local counsel in Illinois, thus increasing the opportunities for consolidation and judicial efficiency. In sum, the convenience of the witnesses/parties weighs heavily in favor of transferring to the Illinois district court.

### 3.     The costs of making the necessary proof.

The costs of making the necessary proof favors transfer of this action to Illinois. The costs for many of the opt-in plaintiffs will be less if this action were to proceed in Illinois.

Because most of the opt-in plaintiffs reside in the Midwest, they will not have to incur the added expense of traveling to Colorado for depositions and trial. It is likely that many will be able to drive to Illinois and will incur less time away from work, home and their families.

In addition, the Court of Appeals for the Tenth Circuit has recognized that "simultaneous prosecution in two different courts of cases relating to the same parties and issues 'leads to the wastefulness of time, energy and money.'" Cessna, 348 F.2d at 692 (internal citation omitted). Maintaining two separate actions, one in Illinois and one in Colorado, creates the possibility of inconsistent judgments and fails to promote judicial economy. Cargill Inc. v. Prudential Ins. Co. of Am., 920 F. Supp. 144, 147 (D. Colo. 1996); Resources Investment Corp. v. Hughes Tool Co., 561 F. Supp. 1236, 1238 (D. Colo. 1983) (favoring transfer when result will be one trial rather than two); Supco, 538 F. Supp. at 1192 (pendency of related case in proposed transferee forum is "a powerful reason" to grant motion to transfer).

Here, a powerful reason for transfer exists, namely, Illinois is the jurisdiction in which the FLSA overtime action was filed first. Moreover, the possibility of inconsistent judgments is very real given that both the Colorado and Illinois district courts will determine the exempt status of physical damage claim representatives, analysts, and examiners. Judicial economy and federal comity weigh in favor of transfer of this matter to Illinois.

4.      **Enforceability of the judgment.**

The enforceability factor is neutral and favors neither Colorado nor Illinois. There are no problems that will arise from enforcement of a judgment, if any, against American Family in either Colorado or Illinois.

**5/6.    Advantages and obstacles to a fair trial and congested dockets.**

No obstacles to a fair trial exist in either Colorado or Illinois and the speed from filing to trial in these courts weighs neither in favor or against transfer. According to the Federal Court Management Statistics, the median time from filing to trial in 2004 was 26.4 months in the Colorado district court and 28.4 months in the Illinois district court. Munson Aff., Ex. C. Accordingly, plaintiffs will receive a judicial determination in approximately the same time frame in either district court.

**7.    Any potential conflicts of laws.**

No potential conflict-of-laws issues are present in these cases. Both cases are brought under the FLSA, a federal law. Moreover, only the Illinois action contains a state law claim (Illinois overtime wage law).

**8.    The advantages of a local court determining questions of local law.**

Because this Court has dismissed the Colorado state law claim of the plaintiffs, this Court will not be determining any questions of local law. However, an Illinois overtime claim is still pending in the Illinois action. Therefore, if anything, the Illinois district court sits in the advantageous position of resolving questions of local overtime law and, therefore, this factor weighs in favor of transfer.

**9.    Other practical considerations.**

As explained in detail earlier, the first-to-file rule, advancing judicial economy and preventing inconsistent results are practical considerations that weigh in favor of transferring this action to Illinois.

## CONCLUSION

Defendant American Family respectfully requests that the Court grant its motion to stay the proceedings in this case under the first-to-file rule (with the exception of allowing potential opt-ins to continue opting in during the remaining duration of the opt-in period) or, alternatively, grant its motion to transfer this case to the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1404(a).

Dated this 27th day of September, 2005.

Respectfully submitted,

*s/ Julie M. Williamson*
Julie M. Williamson
Barbara Z. Blumenthal
Anthony L. Giacomini
HOFFMAN REILLY POZNER & WILLIAMSON LLP
511 B 16th Street, Suite 700
Denver, Colorado 80202
Telephone: 303-893-6100
   and
Earl H. Munson
Sarah A. Zylstra
BOARDMAN, SUHR, CURRY & FIELD, LLP
One South Pinckney Street, 4th Floor
P.O. Box 927
Madison, WI 53701
Telephone: 608-283-1741
*Attorneys for Defendant American Family*
   *Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of September, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

roberthill@hillandrobbins.com
avirocklin@hillandrobbins.com
janestoddard@hillandrobbins.com

amyshaffner@hillandrobbins.com
lynettenichols@hillandrobbins.com
ksugarman@reztlaw.com
szieff@reztlaw.com

And I hereby certify that I have mailed or served the document to the following non CM/ECF participants in the manner indicated by the non-participant's name:

James M. Finberg, Esq. (Via US Mail)
Eve H. Cervantez, Esq.
Nirrej S. Sekhon, Esq.
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339

Thomas A. Warren, Esq. (Via US Mail)
LAW OFFICE OF THOMAS A. WARREN
2032-D Thomasville Road
Tallahassee, FL  32308

David Lowe, Esq. (Via US Mail)
RUDY, EXELROD & ZIEFF, L.L.P.
351 California Street, Suite 700
San Francisco, CA  94104

Michael Rubin, Esq. (Via US Mail)
ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
177 Post Street, Suite 300
San Francisco, CA  94108

Jeffrey Lewis, Esq. (Via US Mail)
LEWIS, FEINBERG, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA  94612

*s/ Julie M. Williamson*
Julie M. Williamson
Barbara Z. Blumenthal
Anthony L. Giacomini
Kyle C. Velte