UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02174-WYD-CBS

ROCKY BALDOZIER;
ERIC STACK;
ROBERT REYNOLDS; and
JOK NICHOLSON, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

## ORDER

THIS MATTER is before the Court on Defendant American Family Mutual Insurance Company's Motion to Stay Proceedings Under First-to-File Rule or, Alternatively, to Transfer the Case Under 28 U.S.C. § 1404(a), filed September 27, 2005 ("Motion to Stay"). The Court has reviewed Defendant's Motion to Stay, Plaintiffs' Opposition to the Motion to Stay, filed October 17, 2005, Defendant's Reply, filed November 1, 2005, Defendant's Submission of Additional Information Concerning its Motion to Stay, filed November 8, 2005, and Defendant's Further Submission of Information Pertinent to Motion to Stay or Transfer, filed December 7, 2005. For the reasons stated in this Order, Defendant's Motion for Stay is **DENIED WITHOUT PREJUDICE**.

Plaintiffs commenced this class action against American Family Mutual Insurance Company for unpaid overtime compensation and related penalties and

damages on October 20, 2004. Plaintiffs allege that they are current or former American Family vehicle property damage claim adjusters, and seek certification of a nationwide collective action pursuant to section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated American Family employees. Following a hearing on July 1, 2005, this Court granted Plaintiffs' Motion for Approval of "notice stage" certification of their collective action under the FLSA and also granted Plaintiffs' request that the Court equitably toll their FLSA claims as of October 20, 2004, the date Plaintiffs filed their Complaint. Pursuant to *Hoffman-La Roche v. Sperling*, 493 U.S. 165 (1989), a "Notice of Pendency of Collective Action Lawsuit Against American Family Mutual Insurance Company," and "Consent to Join" form was mailed to all persons who are, or at any time since October 20, 2001, have been, employed by American Family Mutual Insurance Company as Physical Damage Claim Analysts, Physical Damage Claim Representatives, or Physical Damage Claim Examiners. The deadline to opt-in was November 17, 2005. To date, in addition to the four named Plaintiffs, approximately 129 individuals have "opted-in" to this case.

In the Motion to Stay, Defendant states that a similar collective action involving American Family is pending before the United States District Court in the Northern District of Illinois in *Schultz v. American Family Mut. Ins. Co.*, No. 04-C-5512 (N.D. Ill. 2004). The *Schultz* case was filed on August 20, 2004, almost two months prior to this case. On November 1, 2005, the Judge in the *Shultz* case granted the plaintiff's motion to send opt-in notice under *Hoffman-La Roche* to all current and former American

Family employees who worked as physical damage filed representatives, analysts or examiners at any time between August 20, 2001, and the date of the notice.  According to Defendant, the Illinois court has not yet approved a form of notice.  Defendant states that it has requested that the Illinois court assert jurisdiction over this action under the "first-to-file" rule and consolidate the two cases before the Court in Illinois (the "First-to-File Motion").  In the Motion to Stay before this Court, Defendant requests a stay of these proceedings pending resolution of its First-to-File Motion or, in the alternative, that this Court transfer this action to the Norther District of Illinois pursuant to 28 U.S.C. 1404(a).

Plaintiffs oppose the Motion to Stay, asserting that entering a stay in this case would promote forum shopping, and defeat judicial efficiency.  On November 29, 2005, this Court received notice that Plaintiffs have filed a Motion for Transfer and Coordination And/Or Consolidation Pursuant to 28 U.S.C. § 1407, before the Judicial Panel on Multidistrict Litigation ("Motion to Transfer").  In the Motion to Transfer, Plaintiffs request that the *Shultz* case be transferred for coordination and/or consolidation with the case pending before this Court.  The Motion to Transfer is scheduled to be heard by the Judicial Panel on Multidistrict Litigation ("JPMD") on January 26, 2006.

Generally, the first-to-file rules provides that the court where jurisdiction first attaches should make the determination of the appropriate venue to decide the case, and the second court will decline to act until proceedings in the first court terminate. *Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965).  The reason for the

rule is that "[t]he simultaneous prosecution in two different courts of cases relating to the same parties and issues 'leads to the wastefulness of time, energy and money.'" *Cessna*, 348 F.2d at 692 (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960)). Here, as noted above, the Illinois court has not yet ruled on Defendant's First-to-File Motion. However, given the pendency of the Motion to Transfer now before the JPMD, I am not inclined to grant the Motion to Stay on either of the grounds asserted by Defendant at this time.

In conclusion, for the reasons stated above, it is

ORDERED that Defendant American Family Mutual Insurance Company's Motion to Stay Proceedings Under First-to-File Rule or, Alternatively, to Transfer the Case Under 28 U.S.C. § 1404(a), filed September 27, 2005, is **DENIED WITHOUT PREJUDICE**. It is

FURTHER ORDERED that Defendant shall promptly notify this Court of any ruling from the United States District Court for the Northern District of Illinois concerning its "First-to-File" motion, and Plaintiffs shall promptly notify this Court of any ruling from Judicial Panel on Multidistrict Litigation concerning its Motion to Transfer.

Dated: December 21, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge

-4-