A CERTIFIED TRUE COPY

FEB 13 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
UNITED STATES DISTRICT COURT    FEB 13 2006
DENVER COLORADO

RELEASED FOR PUBLICATION  FEB 14 2006  FILED
CLERK'S OFFICE

DOCKET NO. 1743    GREGORY C. LANGHAM
CLER'

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE AMERICAN FAMILY MUTUAL INSURANCE CO. OVERTIME PAY LITIGATION

*Rocky Baldozier, et al. v. American Family Mutual Insurance Co.*, D. Colorado, C.A. No. 1:04-2174

*Robert Schultz v. American Family Mutual Insurance Co.*, N.D. Illinois, C.A. No. 1:04-5512

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

## TRANSFER ORDER

This litigation currently consists of two actions pending, respectively, in the District of Colorado and the Northern District of Illinois. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiffs in the District of Colorado action for coordinated or consolidated pretrial proceedings of the actions in the District of Colorado. Common defendant American Family Mutual Insurance Co. (American Family) and plaintiff in the Northern District of Illinois action oppose the motion; in the event the Panel orders transfer over their objections, these parties propose the Northern District of Illinois as an appropriate transferee forum.

On the basis of the papers filed and hearing session held, the Panel finds that these two actions involve common questions of fact, and that centralization under Section 1407 in the District of Colorado will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs in both actions seek overtime compensation and other relief for current and former employees of American Family who worked in certain positions, including physical damage claims examiners and analysts. The two actions make similar assertions against American Family under the Fair Labor Standards Act and state laws on behalf of overlapping groups of those employees. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary. The objecting parties oppose the motion for transfer under Section 1407 on the ground that motions filed by American Family in each district would, if granted, supposedly allow the litigation to proceed entirely in one district. We are not persuaded by this argument, however, given that each court has already denied the motion pending there or declined to rule upon it.

- 2 -

Either of the two suggested transferee districts, the District of Colorado and the Northern District of Illinois, would be an appropriate transferee forum for this litigation. One action is pending in each district, the two actions have been pending for nearly the same length of time, and any differences in caseload and other docket conditions do not strongly favor one district over the other. On balance, we are persuaded that the District of Colorado is preferable. Pursuant to the court-approved notice, over 120 individuals have opted into the collective action in the District of Colorado. Furthermore, centralization in this district permits the Panel to effect the Section 1407 assignment to a transferee district that is not currently assigned to other multidistrict litigation dockets.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending outside the District of Colorado is transferred to the District of Colorado and, with the consent of that court, assigned to the Honorable Wiley Y. Daniel for coordinated or consolidated pretrial proceedings with the action pending in that district.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman